THOMPSON, Presiding Judge,
dissenting.
¶ 27 Section 13-702(C) precludes using the serious physical injury caused to the victim as an aggravating factor where it is an “essential element of the offense of conviction.” The seriousness of the victim’s injuries is not an “essential element” of aggravated assault, which can be committed by the use of a deadly weapon or dangerous instrument, a circumstance which the sentencing judge specifically noted. Section 13-702(C) also precludes the use of serious physical injury as an aggravator where it has enhanced punishment under A.R.S. § 13-604. However, *500 as the aggravated assault conviction and finding of dangerousness in this case are supported by defendant’s use of a razor to cut the victim, the severity of the victim’s injuries was not precluded from consideration as an aggravating factor.
¶ 28 The victim related his daily distress at looking in the mirror at the facial scar inflicted on him by the defendant, and this testimony supports the trial court’s finding of emotional harm.
¶ 29 Thus, the trial court’s findings in aggravation were not erroneous.
¶ 30 Further, the purported mitigation in this case is not supported. The defendant does not lack a criminal history. No Arizona case holds that a non-capital sentence is properly mitigated by the fact that a defendant’s prior record consists only of misdemeanor and juvenile incidents. In State v. Webb, 164 Ariz. at 355, 793 P.2d at 112, a non-capital murder case, we held that a trial court may ignore a defendant’s lack of criminal history and impose an aggravated sentence. In State v. Thurlow, 148 Ariz. at 19, 20, 712 P.2d at 932, 933, our supreme court found that imposition of presumptive sentences for aggravated assault and drug offenses was within the sentencing judge’s discretion notwithstanding Thurlow’s lack of any prior criminal record, noting: “We agree with the state that the presumptive sentence is to be imposed on the vast majority of first offenders....” In both Webb and Thurlow it was noted that a trial judge may but need not consider the absence of prior criminality in mitigation. Neither case supports the majority’s notion that a record of prior offenses can be mitigating. And the majority’s invocation of State v. Spears, a capital murder case, is clearly inapposite. While in non-capital eases the sentencing judge may consider, or may ignore, a lack of prior criminality, Arizona’s law with regard to death sentencing requires that a lack of prior felony convictions be considered as a non-statutory mitigating factor. See, e.g., State v. White, 168 Ariz. 500, 512, 815 P.2d 869, 881 (1991) (in capital murder sentencing, lack of prior felony record is a mitigating factor and sentencing judge must consider it). And while the court in Spears appropriately described the murderer’s prior misdemeanor and arrest record as not “significant” in the context of a determination whether Spears would be put to death, in this case, the question is whether the defendant’s assault sentence, already reduced, should be further minimized in the face of his ongoing criminality. Defendant had a previous assault incident adjusted in juvenile court, and was previously convicted of an offense against public order. These are not mitigating circumstances. The defendant here got all the leniency in sentencing he could properly get, and more.
¶ 31 Accordingly, I dissent.